**IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS DIVISION**

| | | |
|---|---|---|
| MENYA KING, | ) | |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No.: 3:25-cv-508 |
| | ) | |
| I.C. SYSTEM, INC., | ) | **JURY TRIAL DEMANDED** |
| | ) | |
| Defendant. | ) | |

**COMPLAINT AND JURY DEMAND**

COMES NOW, Plaintiff Menya King, by and through the undersigned counsel, and for her Complaint against Defendant, I.C. System, Inc. ("Defendant") under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA"), states as follows:

**JURISDICTION**

1. This court has jurisdiction of the federal claim under 15 U.S.C. § 1692k(d).

2. Venue is proper because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

3. Under 28 U.S. Code § 1391(b)(2) a civil action may be brought in a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

4. Under 28 U.S. Code § 1391(d) when a defendant that is a corporation is subject to personal jurisdiction at the time an action is commenced, such corporation shall be deemed to reside in any district in that state within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate state.

5. Plaintiff Menya King ("Plaintiff") resides in O'Fallon, Illinois.

6. The acts that occurred giving rise to this Complaint occurred while Plaintiff was in O'Fallon, Illinois, making this a proper venue under 28 U.S. Code § 1391(b)(2).

7. Defendant, a Minnesota corporation headquartered in Vadnais Heights, Minnesota practices as a debt collector throughout the country, including in the state of Illinois.

8. Defendant attempts to collect alleged debts throughout the state of Illinois, including in the city of O'Fallon and county of St. Clair.

9. Defendant has actual knowledge of where Plaintiff resided, and by attempting to collect from Plaintiff, purposefully availed itself to the jurisdiction in which Plaintiff resided.

10. Defendant has sufficient minimum contacts with this venue as the alleged injuries caused to Plaintiff were caused while Plaintiff was in O'Fallon, Illinois, and Defendant attempts to collect alleged debts throughout the state of Illinois.

11. Defendant knowingly attempted to collect on a debt allegedly incurred in O'Fallon, Illinois, and thus has sufficient minimum contacts with this venue, making this venue additionally proper under 28 U.S. Code § 1391(b)(1).

## STANDING

12. Plaintiff has a congressionally defined right to receive all communications from a debt collector free from any misrepresentations and false threats.

13. Defendant's collection activities violated the FDCPA.

14. Plaintiff has thus suffered an injury as a result of Defendant's conduct, giving rise to standing before this Court. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1544 (2016), quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 580 (1992) (Congress has the power to define injuries and articulate chains of causation that will give rise to a case or controversy where none existed before.); *Bellwood v. Dwivedi*, 895 F. 2d 1521, 1526-27 (7th Cir. 1990) ("Congress can create new substantive rights, such as a right to be free from misrepresentations, and if that right is invaded

the holder of the right can sue without running afoul of Article III, even if he incurs no other injury[.]").

15. "Without the protections of the FDCPA, Congress determined, the '[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers.'" *Lane v. Bayview Loan Servicing, LLC*, No. 15 C 10446, 2016 WL 3671467, at *3 (N.D. Ill. July 11, 2016) (quoting 15 U.S.C. § 1692(b)). Thus, a failure to honor a consumer's right under the FDCPA constitutes an injury in fact for Article III standing. See *id*. at *3 (holding that a consumer "has alleged a sufficiently concrete injury because he alleges that [Defendant] denied him the right to information due to him under the FDCPA."); see also *Church v. Accretive Health, Inc.*, No. 15-15708, 2016 WL 3611543, at *3 (11th Cir. July 6, 2016) (holding that consumer's § 1692g claim was sufficiently concrete to satisfy injury-in-fact requirement).

16. "[E]ven though actual monetary harm is a sufficient condition to show concrete harm, it is not a necessary condition." *Lane*, 2016 WL 3671467 at *4.

## PARTIES

17. Plaintiff is a natural person currently residing in the State of Illinois.

18. Plaintiff is a "consumer" within the meaning of the Fair Debt Collection Practices Act.

19. Defendant is a Minnesota corporation with its principal place of business located at 444 Highway 96 E., Vadnais Heights, Minnesota 55127.

20. Defendant is engaged in the business of collecting debts through mail, telephone, and other means throughout the country, including in Illinois, where it is registered with the Illinois Secretary of State and retains a registered agent within the state of Illinois.

21. Defendant is engaged in the business of a collection agency, using methods such as mail and telephone to collect consumer debts originally owed to others.

22. Defendant regularly collects or attempts to collect defaulted consumer debts due or asserted to be due another, and is therefore a "debt collector" as defined in 15 U.S.C. § 1692a(6) of the FDCPA.

23. Defendant is a "furnisher of information" as that term is defined by 15 U.S.C. §1681s-2(b), the Fair Credit Reporting Act ("FCRA").

24. Experian Information Solutions, Inc. is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. § 1681a(p). Experian Information Solutions, Inc., regularly engages in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

## FACTUAL ALLEGATIONS

26. Plaintiff is a natural person allegedly obligated to pay a debt asserted to be owed to a creditor other than Defendant.

27. Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect the alleged consumer debt from the Plaintiff.

28. The alleged debt was said to be owed to Banfield Pet Hospital and would therefore only have been incurred for personal or family purposes.

29. The alleged debt was primarily for personal, family or household purpose and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

30. On or about September 27, 2024, Plaintiff sent a letter to Defendant. **Exhibit A**.

31. The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

32. In the letter, Plaintiff clearly stated she refused to pay the alleged debt.

33. In the letter Plaintiff sent to Defendant, Plaintiff did not dispute or otherwise call into question the validity of the alleged debt.

34. This letter was the only contact Plaintiff initiated with Defendant related to this alleged debt.

35. Once Plaintiff advised of her refusal to pay the alleged debt, Defendant was to cease all communication and collection attempts with Plaintiff.

36. Defendant was voluntarily reporting the collection accounts on Plaintiff's credit report with the credit reporting agencies.

37. Defendant's voluntary reporting to the credit reporting agencies is a "communication" under the FDCPA in connection with the collection of an alleged debt.

38. On or about November 2024, Plaintiff received an updated credit file from Experian Information Solutions, Inc. **Exhibit B.**

39. The credit report was updated on October 20, 2024, by Defendant.

40. The updated October 20, 2024, credit report included false information regarding Plaintiff's credit file. Specifically, Defendant included a notation that the account was disputed by Plaintiff, when in fact, it was not.

41. Defendant had no legitimate reason to believe the account was in dispute or otherwise called into question based on Plaintiff's letter.

42. Defendant furnished information to Experian Information Solutions, Inc. regarding Plaintiff's account that it knew, or should have known, was incorrect, false, and misleading.

43. Upon information and belief, Defendant updated the account information to include this notation in order to harass and oppress Plaintiff for exercising her right to refuse to pay the alleged debt and to cease the attempts to collect on the alleged debt.

44. All of Defendant's actions under the FDCPA complained of herein occurred within one year of the date of this Complaint.

45. Plaintiff suffered injury-in-fact by being subjected to inaccurate, unfair, and abusive practices of the Defendant.

46. Plaintiff suffered actual harm by being the target of inaccurate credit reporting and/or misleading debt collection communications by Defendant.

47. Plaintiff has suffered actual harm due to credit denials caused by false credit reporting by Defendant.

48. Plaintiff has suffered actual harm based on her costs and time of repairing her credit, pain and suffering, embarrassment, inconvenience, lost economic opportunity, loss of incidental time, frustration, emotional distress, mental anguish, fear of personal and financial safety and security, and attorney's fees.

49. Defendant's action has created an appreciable risk of harm to the underlying concrete interests that Congress sought to protect in creating the FDCPA.

50. Plaintiff would have pursued a different course of action had Defendant not violated the statutory protections created by Congress.

51. Plaintiff attempted to pursue her rights yet was left with no actual knowledge as to how to proceed based on Defendant's actions.

52. Defendant's denial of Plaintiff's rights caused harm in the form of impaired credit, no plausible way of ascertaining the status of her debt in order to make a rational determination as

to how to proceed and forcing her to make financial decisions based on misinformation and engage in financial planning based on incorrect facts.

53. Plaintiff's injury-in-fact is fairly traceable to the challenged representations of Defendant.

54. Plaintiff's injury-in-fact is likely to be redressed by a favorable decision in this Court.

### Count I: Violations Of § 1692e Of The FDCPA – False, Deceptive, Or Misleading Collection Actions

55. Plaintiff incorporates by reference all other paragraphs of this Petition as if fully stated herein.

56. Section 1692e of the FDCPA prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

57. Specifically, § 1692e(8) provides that a debt collector may not communicate or threaten to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed.

58. The dispute status of an account is a material representation on the credit file. See *Dixon v. RJM Acquisitions, L.L.C.*, 640 Fed. Appx. 793 (10th Cir. 2016) (Reversed summary judgment to the collection agency on the consumer's § 1692e(8) claim that after she had disputed a debt, the agency had nevertheless reported the debt without disclosing the disputed. The consumer created a genuine fact issue given that she said during the recorded conversation: "I feel that all I owe is $20." A reasonable fact finder could treat the statement as a dispute of the alleged $102.99 debt.); *Llewellyn v. Allstate Home Loans, Inc.*, 711 F.3d 1173 (10th Cir. 2013) ("We agree with the Eighth Circuit's interpretation of § 1692e(8) that a debt collector does not have an

affirmative duty to notify [credit reporting agencies] that a consumer disputes the debt unless the debt collector knows of the dispute and elects to report to a CRA.")

59. Defendant's collection communications are to be interpreted under the "least sophisticated consumer" standard. See, *Goswami v. Am. Collections Enter., Inc.*, 377 F.3d 488, 495 (5th Cir. 2004); *Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1236 (5th Cir.1997) (When deciding whether a debt collection letter violates the FDCPA, this court "must evaluate any potential deception in the letter under an unsophisticated or least sophisticated consumer standard.) See also, *Goswami*, 377 F.3d at 495. (We must "assume that the plaintiff-debtor is neither shrewd nor experienced in dealing with creditors.")

60. Defendant used deceptive and misleading tactics when it communicated personal credit information which was known or which should have been known to be false, including its voluntary reporting of an account as disputed, when in fact, Plaintiff had done no such thing.

61. Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

62. Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

63. Defendant's communications with Plaintiff were deceptive and misleading.

64. Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

65. Defendant's conduct has caused Plaintiff to suffer damages including but not limited to a damaged credit score, the loss of time incurred by Plaintiff, and attorneys' fees paid for advice regarding her situation.

66. Congress has found that "[a]busive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." 15 U.S.C. § 1692(a).

67. Here, Plaintiff has suffered an injury-in-fact in at least one of the manners contemplated by Congress when it passed the FDCPA because of Defendant's conduct.

68. The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. Defendant's false representations misled the Plaintiff in a manner that deprived her of her right to enjoy these benefits. These materially misleading statements trigger liability under section 1692e of the Act.

69. Plaintiff seeks to end these violations of the FDCPA. Plaintiff has suffered actual damages including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment.

70. Defendant's violation of § 1692e(8) of the FDCPA renders it liable for actual and statutory damages, costs, and reasonable attorneys' fees. See, 15 U.S.C. § 1692k.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, Menya King, prays that this Court:

A. Declare that Defendant's debt collection actions violate the FDCPA;

B. Enter judgment in favor of Plaintiff Menya King, and against Defendant, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and

C. Grant other such further relief as deemed just and proper.

## **JURY DEMAND**

88. Plaintiff demands a trial by jury on all Counts so triable.

Dated: April 3, 2025

                                               Respectfully Submitted,

                                               **SPARKS LAW FIRM**

By:     /s/ Samantha J. Sparks
           Samantha J. Sparks, # 6334968
           2025 Zumbehl Road, Suite 102
           St. Charles, Missouri 63202
           P: (636) 373-9375
           F: (314) 451-2567
           sam@sparks-legal.com
           *Attorney for Plaintiff*